UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MOLLY LeBRECHE,

            Plaintiff,                    CIV. S-03-0028 PAN

     v.

JO ANNE B. BARNHART,                Memorandum of Decision
Commissioner of Social
Security,

            Defendants.

—oOo—

     Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability and supplemental security income benefits.

     If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c).

Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e). Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Defendant found plaintiff was eligible, suffered from no listed impairment but did suffer from a personality disorder that precluded jobs requiring complex tasks and public contact, including her past work as a sandwich-maker at a deli, waitress, secretary and security guard, but she retained the capacity for work at all strength levels that required only simple, repetitive tasks and no contact with the public and is not disabled.

Plaintiff claims defendant erroneously found plaintiff was not credible and rejected the opinion of her treating psychiatrist, Dr. Leamon.

Defendant gave "substantial probative weight" to the opinion of Kimberly Stearns, Ph.D., who examined plaintiff in May 2000. Tr. 150-154. Dr. Stearns had no medical records to review. Tr. 150. Tests she administered showed plaintiff has a verbal IQ of 83 and a performance IQ of 79, both described as

"borderline."  Test findings were also consistent with depression.  She suffered deficits in attention, concentration, delayed recall, visua-motor planning, organizational skills, psychomotor processing speed, and mental flexibility.  Dr. Stearns reported that plaintiff could understand, remember, and carry out simple instructions and respond appropriately to usual work situations but she also reported she possessed none of the many other mental abilities for substantial gainful work including working a day or work week without interruption from symptoms.  Dr. Stearns diagnosed bi-polar disorder.  Dr. Stearns strongly recommended a payee be appointed to receive any funds awarded to plaintiff.  In November 2001, Martin Leamon, M.D., the psychiatrist who treated plaintiff since January 1999 for bipolar disorder reported that she had worsened over the last two and one-half years despite aggressive medication management and psychosocial support and that she suffered from an affective disorder that met listing 12.04.  Tr. 288.  This opinion defendant rejected for lack of "any credible evidence [to] support it."  Tr. 19.

     Defendant's finding that plaintiff suffers from a personality disorder that does not prevent her from gainful work is not supported by substantial evidence in the record and the decision denying benefits is reversed.

     Dated:  May 16, 2005.

                             /s/ Peter A. Nowinski
                             PETER A. NOWINSKI
                             Magistrate Judge